**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

CAMBRIN BARNES                                                                          PLAINTIFF
ADC # 147871

v.                          Lead Case No. 4:24CV00910-KGB-JTK
                  Consolidated Case No. 2:25CV00044-KGB-JTK

DEXTER PAYNE, et al.                                                               DEFENDANTS

**ORDER**

Pending is Cambrin Barnes's ("Plaintiff") Motion to Compel.[1]  (Doc. No. 88).  No Defendant has responded and the time for doing so has passed.  For the reasons set out below, Plaintiff's Motion (Doc. No. 88) is GRANTED as to request for production No. 12 as explained below and otherwise DENIED.

Plaintiff seeks an order from the Court compelling "the Defendants" to produce for inspection and copying documents Plaintiff requested on February 1, 2026.  (Doc. No. 88).  It is not clear if Plaintiff mailed the requests on February 1, 2026, or if counsel for the ADC Defendants received the requests on that day.  Regardless, the ADC Defendants responded to Plaintiff's requests for production on March 9, 2026.  (Doc. No. 90 at 3-7).

The Court has reviewed the responses.  The Court upholds the objection to Plaintiff's request for production No. 1.  Plaintiff sought "[a]ny and all grievances, complaints, or other documents received by ADC Director Defendant Dexter Payne. . . concerning the mistreatment of inmates" by Defendants Lane, Haynes, Allison, Ball, Davis, Richardson, Johnson, Lay, or Jackson.

---

[1] The Motion appears as docket entry no. 41 in consolidated case <u>Barnes v. Payne, et al.</u>, 2:25-cv-00044-KGB-JTK.

(Id. at 3).  Plaintiff further sought memorandum, investigative files, "or other documents created in response to such complaints since June 24, 2024." (Id.).  The ADC Defendants objected to the request as overboard.  The Court agrees.

In response to requests for production Nos. 2-4, 11, 13, and 14, the ADC agreed Plaintiff was entitled to the material sought and informed Plaintiff they would supplement their responses. The Court finds these responses sufficient.  If the ADC Defendants have not fully supplemented their responses with available material, they must do so promptly.

Plaintiff sought medical records in requests for production Nos. 5, 6, and 9.  The ADC explained to Plaintiff that he must submit a medical authorization permitting the release of the documents and attached the release to their responses.  If the ADC Defendants have received the signed release, they should allow Plaintiff access to his records or copies thereof promptly.

In request for production No. 7, Plaintiff sought "[a]ll sick call request sheets from March 1, 2024, to the date of this 1983 civil suit." (Doc. No. 90 at 5).  The ADC Defendants objected because they were "unable to determine whose sick call request sheets Plaintiff" wanted.   (Id.). The Court agrees with the ADC Defendants' response to Plaintiff's request for production No. 7 as drafted.

In request for production No. 8, Plaintiff asked for "[a]ny logs, lists, or other documentation reflecting grievances filed by EARU inmates from March 2, 2024, to the date of your responses to this 1983 civil suit." (Id.).  The Court agrees with the ADC Defendants' objection to this request as being overbroad.

Defendants provided the documents sought in response to requests for production No. 10.

Request for production No. 12 reads: "State the procedure in effect from June 24, 2024, to the date of your response at the EARU for staff supervising and monitoring inmates on treatment precaution suicide watch.  If those duties are set forth in any job description or other document,

produce the document(s)." (Id. at 6).   The ADC Defendants objected because they were "unable to determine who Plaintiff is referring to when he states 'your response' at the EARU."   (Id.). The Court finds that a good faith reading of this request would be that Plaintiff was seeking a copy of any policy or procedure describing the responsibilities of EARU staff supervising or  monitoring inmates on treatment precaution suicide watch.   The ADC Defendants are directed to provide Plaintiff responsive documents if they exist.  The ADC Defendants must do so within 14 days of the date of this Order.  The Court finds the second part of request for production No. 12—the request for any job description or other document that contains those duties—overbroad.

IT IS SO ORDERED this 6th day of April, 2026.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE